```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/10/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

P R E S E N T :

HON. Valerie E. Caproni

Justice

---------------------------------------------------------------------X
DEBORAH ANNOR, S. A., an Infant, by the Mother and
Natural Guardian, JANET ANNOR, J. A., an Infant, by the
Mother and Natural Guardian, JANET ANNOR, and
JANET ANNOR, Individually,

                            Plaintiff(s),

    -against-

LILY TRANSPORTATION CORP., RYDER TRUCK
RENTAL, INC., CHARLTON KRAUSE and IRONCLAD
LOGISTICS, LLC,

                            Defendant(s).
---------------------------------------------------------------------X

**INFANT'S COMPROMISE ORDER FOR J. A.**

Index No.: 1:22-cv-01908-VEC

THE COURT HEREIN addresses the fact that un-redacted Confidential Personal Information is included in this Order and is based upon this Court's express finding that good cause exists pursuant to Rule 202.5 [e][2] in that inclusion of the full name and date of birth of the minor, as well as related information, is material and necessary to effectuate the Order of this Court.

Upon reading and filing the Petition of **JANET ANNOR,** duly verified and acknowledged on April 3, 2023, the Affirmation of **ADAM POLO**, dated March 31, 2023, the Affirmation of **DR. HONG PAK**, signed and dated March 16, 2023; and upon all of the pleadings and proceedings heretofore had herein; and it appears that the best

- 2 -

interests of the infant will be served by compromising the action in the amount of **$7.500.00 (SEVEN THOUSAND AND FIVE HUNDRED DOLLARS AND ZERO CENTS)**;

NOW, on the motion of ADAM D. POLO, ESQ., P.C., attorneys for the petitioners herein, it is hereby,

**ORDERED**, that, JANET ANNOR, is authorized, empowered and directed to compromise and settle the cause of action on behalf of the Infant for personal injuries sustained by the Infant in the sum of **$7,500.00** (**SEVEN THOUSAND AND FIVE HUNDRED DOLLARS AND ZERO CENTS**); and it is further

**ORDERED**, that the total settlement of **SEVEN THOUSAND AND FIVE HUNDRED DOLLARS AND ZERO CENTS** be paid by the Defendants, and it is further

**ORDERED**, that the sum of **$3,130.78** (**THREE THOUSAND, ONE HUNDRED AND THIRTY DOLLARS AND SEVENTY-EIGHT CENTS**) be allowed and made payable to **ADAM D. POLO, ESQ., P.C.** as full payment of their fees for professional services and expenses incurred herein; and it is further

**ORDERED**, that the balance of said settlement, to wit, the sum of **$4,369.22 (FOUR THOUSAND AND THREE HUNDRED, SIXTY-NINE DOLLARS AND TWENTY-TWO CENTS)** be allowed and made payable to Joshua Annor, jointly with an officer of **Cross Country Savings Bank, 791 Morris Park Avenue, Bronx, NY 10462** to be deposited in the said bank in an account, or accounts, yielding the highest rate of interest available, in the name of the mother and natural guardian, in trust for the Infant and for the sole use and benefit of the Infant; and that the time deposit accounts and certificate of deposit accounts shall be continuously renewed at maturity at the highest rate of interest

then available, but the date of maturity thereof shall not extend beyond the date upon which the Infant attains the age of eighteen (18) years; and that when no such time deposit or certificate of deposit account is available, then the accumulated funds shall be placed in the bank's insured money market account; and that no withdrawals shall be made from said account, or accounts, before the Infant reaches the age of eighteen (18) years, except upon further order of this Court; and it is further

**ORDERED**, that upon the Infant reaching majority at the age of eighteen (18) years, and upon presentation of the proper proof thereof, the aforestated depository shall, without further Order of this Court, and upon the Infant's demand, pay over to **JOSHUA ANNOR** all the monies so held; and it is further

**ORDERED**, that no withdrawals shall be made from said account before the infant reaches 18 years, except upon further Order of the Court, and it is further

**ORDERED**, that the filing of a bond is hereby dispensed with, in accordance with the provision of CPLR § 1210(c); and it is further

**ORDERED**, that any and all derivative claims based on this occurrence are hereby waived; and it is further

**ORDERED**, that upon compliance with the terms of this Order, JANET ANNOR, be and hereby is authorized to deliver releases and any and all papers necessary to effectuate such settlement and collect such monies herein, and petitioners' attorneys are hereby authorized to deliver Stipulations of Discontinuance of the above-entitled action to the said Defendant.

So-Ordered

_____  Date: 4/10/2023
Hon. Valerie E. Caproni